```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BRITTANY ROMANO,                                             :
                                                             :
                          Plaintiff,                         :
                                                             :   20-CV-8988 (LTS) (OTW)
                 -against-                                   :
                                                             :   ORDER
AC360 Media, LLC et al.,                                     :
                                                             :
                          Defendants.                        :
                                                             :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of Defendants' letter motions for a stay of discovery pending a decision on their pending motions to dismiss. (ECF 49, 50). Defendants A360 Media, LLC, f/k/a/ American Media, Inc., Eli Lippman, Spencer Cain (together, the "A360 Defendants") and Nadine DeNinno moved to dismiss Plaintiff's claims against them in their entirety. (ECF 24, 28). For the reasons stated below, the motions to stay are **GRANTED IN PART** and **DENIED IN PART**.

"A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). If a party makes "a showing of good cause" the Court may, in its discretion, stay discovery. *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709 (LTS) (GWG), 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 357, 368 (S.D.N.Y. 2002) ("[B]ased on the papers submitted and upon oral argument from counsel, the Court notes at this preliminary stage that defendants do appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit.")

## I. A360 Defendants

The A360 Defendants argue that there is good cause for a stay because: (1) Plaintiff's discovery demands are overly broad; (2) Plaintiff will not be prejudiced; (3) the motion to dismiss has a high probability of being granted; and (4) even if the motion to dismiss is granted in part, it "will narrow and necessarily shape the limited discovery that will be exchanged." (ECF 50 at 2). Plaintiff opposes a stay.

I find that there is good cause for a limited stay against the A360 Defendants. Accordingly, the A360 Defendants are directed to produce, by **July 2, 2021**, to the extent they have not already: (1) Plaintiff's personnel file; (2) documents and email communications regarding Plaintiff's ADHD; (3) documents and email communication's regarding Plaintiff's termination; and (4) documents and email communications regarding Plaintiff's EEOC complaint. The custodians for the documents at this stage shall be limited to Plaintiff, the named defendants, and one or more relevant human resources personnel. If the District Court does not grant the A360 Defendants' motion to dismiss in its entirety, the limited stay shall be lifted and Plaintiff is directed to serve revised discovery demands within **14 days** of the District Court's order.

## II. Defendant DeNinno

Ms. DeNinno, who no longer works at A360 Media, joins in the A360 Defendants' arguments. (ECF 49 at 1-2). Plaintiff opposes a stay.

I also find there is a good cause for a limited stay against Ms. DeNinno. To the extent Ms. DeNinno has any documents – in the above-mentioned categories relating *solely to Plaintiff's employment at A360 Media not any prospective employment with the New York Post*

2

– in her possession, custody, or control without regard to duplication of the A360 Defendants' documents, she shall also produce them by **July 2, 2021**. If the District Court does not grant Ms. DeNinno's motion to dismiss in its entirety, the limited stay shall be lifted and Plaintiff is directed to serve revised discovery demands within **14 days** of the District Court's order.

The Clerk of Court is directed to close ECF 49 and 50.

**SO ORDERED.**

Dated: June 3, 2021
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge