UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BRITTANY ROMANO,

      Plaintiff,

  -v-                                               No.   1:20-cv-08988-LTS-OTW

A360 MEDIA, LLC, f/k/a AMERICAN
MEDIA, INC., ELI LIPPMAN, SPENCER
CAIN, AND NADINE DENINNO, in their
individual and professional capacities,

      Defendants.

-------------------------------------------------------x

## ORDER ADOPTING REPORT & RECOMMENDATION

Before the Court is a Report and Recommendation (docket entry no. 70 (the "Report")) from Magistrate Judge Ona T. Wang, recommending that the instant action be dismissed for failure to prosecute. No objections to the Report have been received.

The Court has thoroughly reviewed the Report, and hereby adopts the Report in its entirety. For the reasons stated below, and in the Report, this action is dismissed with prejudice.

### BACKGROUND

Plaintiff Brittany Romano ("Plaintiff") initiated this action on October 27, 2020, against her former employers and supervisors for employment discrimination and retaliation, asserting claims under federal, state, and city law. (Docket entry no. 1 ("Complaint").) On January 20, 2023, after full briefing of Defendants' motion to dismiss, the Court entered a Memorandum Opinion and Order (docket entry no. 54 (the "January 2023 Order")) dismissing

Plaintiff's state law tort claims against Defendant Nadine DeNinno, as asserted in Counts 14-17, for lack of subject matter jurisdiction, without prejudice to litigation in a forum of competent jurisdiction.  (Id. at 30.)  In the same January 2023 Order, the Court dismissed the remaining claims, as asserted in Counts 1-13, for failure to state a claim upon which relief may be granted, but granted permission for Plaintiff to file a motion for leave to amend within 21 days of entry of the Order.  (Id.)  Plaintiff was warned that, if she failed to file a motion for leave to amend within the 21-day window, Counts 1-13 would be dismissed with prejudice.  (Id.)

On February 2, 2023, Plaintiff's counsel, Christopher J. Berlingieri, filed a motion to withdraw as counsel.  (Docket entry no. 55.)  By Order dated February 13, 2023, Plaintiff was directed to file a response to Mr. Berlingieri's motion to withdraw by March 6, 2023, and was warned that the motion would be deemed unopposed if she failed to respond.  (Docket entry. no. 59.)  Mr. Berlingieri's motion went unopposed by Plaintiff, and was subsequently granted by Order dated April 21, 2023.  (Docket entry no. 61.)  Plaintiff was also directed in the April 21, 2023, Order to file a letter with the Court by May 22, 2023, indicating whether she would be proceeding pro se or with new counsel following Mr. Berlingieri's withdrawal.  (Id.)  After Plaintiff failed to respond, an Order to Show Cause was entered on July 28, 2023, directing Plaintiff to show cause by September 26, 2023, as to why Magistrate Judge Wang should not recommend that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to prosecute. (Docket entry no. 63.)  Plaintiff again failed to file a response.  Judge Wang entered the Report on November 3, 2023, recommending that the action be dismissed for failure to prosecute.  No objections to the Report were filed by any of the parties to this action.

DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (Westlaw through P.L. 118-22). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a de novo review of the contested section. FED. R. CIV. P. 72(b)(3); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, "a district court need only satisfy itself that there is no clear error on the face of the record." See, e.g., Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citation omitted).

In the present case, no objections have been filed, and the time for making any objections has passed. Plaintiff has therefore waived the right to object to the Report or to obtain appellate review, and the Court reviews the Report for clear error. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008). The Court finds no clear error in Judge Wang's well-reasoned Report.

An outstanding question for the Court is whether the action should be dismissed with or without prejudice. In deciding whether dismissal with prejudice for failure to prosecute or comply with a court order is appropriate, courts in this Circuit typically look to the same factors applied to determine whether dismissal is appropriate under Rule 41(b) in the first instance. See, e.g., Barker v. City of New York, No. 19-CV-2582-JGK, 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020); Amoroso v. County of Suffolk, No. 08-CV-826-JFB-ETB, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Those factors are: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity

to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000) (citations omitted).

    Here, all five factors weigh in favor of dismissal with prejudice. Plaintiff has been warned since the entry of the Court's January 2023 Order that failure to take action in the case, namely seeking leave to file an amended complaint, would result in dismissal of the remaining claims of the Complaint. (January 2023 Order at 30.) Plaintiff was thereafter directed to respond in three separate orders, issued over the course of nearly six months: (1) Judge Wang's February 13, 2023, Order (docket entry no. 59), directing Plaintiff to file a response to Mr. Berlingieri's motion to withdraw by March 6, 2023; (2) Judge Wang's April 21, 2023, Order (docket entry no. 61), granting Mr. Berlingieri's motion to withdraw as an attorney, and directing Plaintiff to file a letter to the Court by May 22, 2023, indicating whether she would be proceeding pro se or with new counsel; and (3) Judge Wang's July 28, 2023, Order to Show Cause (docket entry no. 63) by September 26, 2023, as to why Judge Wang should not recommend that the Court dismiss this action for failure to prosecute pursuant to Rule 41(b). In the July 28, 2023, Order to Show Cause, Plaintiff was explicitly warned that she bore "the ultimate obligation of moving the case to trial" (docket entry no. 63 at 2), and that "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." (Id. (citation omitted).) Despite these prompts and admonitions dating back to January 2023, Plaintiff has not filed a single response. Plaintiff was given a final opportunity to be heard in response to the Report itself, but likewise filed no objections.[1]

---

[1]  Proof of service on Plaintiff was filed on the docket as to each of Judge Wang's three Orders from February 13, 2023, through July 28, 2023. (Docket entry nos. 60, 62, 65.) The Clerk of Court mailed copies of the Report to two addresses for Plaintiff on November 3, 2023.

Were this action to be dismissed without prejudice, Defendants would suffer the prejudice of uncertainty as to whether Plaintiff will attempt to revive her claims, which have already been considered and decided adversely against Plaintiff on the merits.  As discussed, Plaintiff has had ample opportunity to be heard and continue pursuing her claims over which the Court has jurisdiction, but has failed to do so, and she has already been given permission to pursue the state law tort claims that were dismissed from this action in a forum of competent jurisdiction.  (January 2023 Order at 30.)  These facts, taken together, indicate that dismissal of Plaintiff's remaining claims without prejudice runs the risk of further calls on judicial resources of the Court for a matter that appears to be unmeritorious.  The Court therefore dismisses Plaintiff's remaining claims, as asserted in Counts 1-13 of the Complaint, with prejudice.

## Conclusion

For the reasons stated above, the Court adopts the Report in its entirety.  Consistent with the Court's warning in its January 2023 Order, the remaining claims in this action are dismissed with prejudice.  The Clerk of Court is directed to enter judgment accordingly and close this case.  The Clerk of Court is directed to mail a copy of this Order to Plaintiff at 409 East 64th St., Apt. 5-D, New York, NY 10065; and to 105 Northfield Rd, Wallingford, CT 06492.

SO ORDERED.

Dated: New York, New York
       December 8, 2023

        /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge